UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SONDRIA BROWN, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 10-4607** |
| **CANAL ENERGY & SERVICING, INC.** | **SECTION: "S" (5)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Canal Energy & Servicing, Inc.'s Motion for Summary Judgment Pursuant to Rule 56(b) of the Federal Rules of Civil Procedure (Doc. #11) is **GRANTED**, and plaintiffs' complaint is **DISMISSED WITH PREJUDICE**.

## BACKGROUND

Defendant, Canal Energy & Servicing, Inc. ("Canal Energy"), a privately held oil field servicing company, was incorporated in Louisiana in 1972. In 2009, Canal Energy relocated from Belle Chasse, Louisiana to Bogalusa, Louisiana. In late 2009 and early 2010, the Washington Parish Economic Development Foundation advertised employment opportunities on behalf of Canal Energy.

The plaintiffs in this suit are African American men and women who sought employment with Canal Energy in response to the advertisement. They allege that Canal Energy refused to hire them due to their race in violation of Title VII, 42 U.S.C. § 2000e, et seq., and Louisiana Revised Statutes § 23:301, et seq..

Canal Energy filed this motion for summary judgment arguing that it is not subject to the statues because it did not have fifteen or more employees in the years in which the discrimination allegedly occurred, i.e. 2009 and 2010, or the years previous to those years, i.e. 2008 and 2009, and is therefore not subject to the provisions of Title VII or La. Rev. Stat. § 23:301, et seq..

## ANALYSIS

**A.    Summary Judgment Standard**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); FED. R. CIV. PROC. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celeotex Corp. v. Citrate, 106 S.C. 2548, 2552 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

**B.    Title VII "Employer"**

Title VII provides that it is unlawful for an employer to fail or refuse to hire any individual because of such individual's race. 42 U.S.C. § 2000e-2(a). "Employer" is defined as "a person

engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calender year . . ." Id. at § 2000e(b). The "current" year is the year in which the discrimination allegedly occurred. Vance v. Union Planters Corp., 209 F.3d 438, 446 (5th Cir. 2000).

To determine whether an entity meets the "fifteen or more employees" requirement, courts use the "payroll method." Walters v. Metro. Educ. Enter., 117 S.C. 660 (1997). Under this test "all one needs to know about a given employee for a given year is whether the employee started or ended employment during that year and, if so, when. He is counted as an employee for each working day after arrival and before departure." Id. at 665-66. The ultimate question is whether an employer has an employment relationship with the requisite number of people. Id. at 666. However, "an individual who appears on the payroll but is not an 'employee' under traditional principles of agency law would not count toward the 15-employee minimum." Id. (citing Nationwide Mut. Ins. Co. v. Darden, 112 S.C. 1344 (1992).

Canal Energy presented evidence that it had the following numbers of employees on its payroll for the relevant periods, excluding the company's co-owners:

| Month and Year | Number of Employees |
| --- | --- |
| January 2008 | 5 |
| February 2008 | 6 |
| March 2008 | 7 |
| April 2008 | 8 |
| May 2008 | 8 |
| June 2008 | 9 |

| Month and Year | Number of Employees |
|---|---|
| July 2008 | 9 |
| August 2008 | 8 |
| September 2008 | 8 |
| October 2008 | 8 |
| November 2008 | 8 |
| December 2008 | 6 |
| January 2009 | 8 |
| February 2009 | 8 |
| March 2009 | 8 |
| April 2009 | 8 |
| May 2009 | 8 |
| June 2009 | 8 |
| July 2009 | 8 |
| August 2009 | 9 |
| September 2009 | 9 |
| October 2009 | 9 |
| November 2009 | 11 |
| December 2009 | 10 |
| January 2010 | 9 |
| February 2010 | 9 |
| March 2010 | 8 |
| April 2010 | 8 |
| May 2010 | 8 |
| June 2010 | 9 |

| Month and Year | Number of Employees |
|---|---|
| July 2010 | 9 |
| August 2010 | 9 |
| September 2010 | 8 |
| October 2010 | 8 |
| November 2010 | 8 |
| December 2010 | 8 |

Plaintiffs argue that Canal Energy's owners, four individuals that Canal Energy identifies as independent contractors, three delivery drivers, four people who were paid cash to perform services, a Bogalusa police officer, and a Costa Rican attorney who has performed work for another company owned by one of Canal Energy's owners should be counted as employees. Plaintiffs argue that if these individuals are counted, Canal Energy has more than the required fifteen employees and is subject to Title VII.

**1.     Owners**

In Clackamas Gastroenterology Assocs. v. Wells, 123 S.C. 1673, 1680 (2003), the Supreme Court of the United States stated that control is the key factor in determining whether a shareholder, owner, or director is an employee for the purposes of Title VII's fifteen employee requirement. The Court stated that the following factors must be examined to make a determination of employee status: (1) whether the organization can hire or fire the individual or set the rules and regulations of the individual's work; (2) whether and, if so, to what extent the organization supervises the individual's work; (3) whether the individual reports to someone higher in the organization; (4) whether and, if so, to what extent the individual is able to influence the organization; (5) whether

5

the parties intended that the individual be an employee, as expressed in written agreements or contracts; and (6) whether the individual shares the profits, losses, and liabilities of the organization. Id. (citing EEOC Compliance Manual § 605:0009). The court explained that these standards reflect that:

> an employer is the person or group of persons, who owns and manages the enterprise. The employer can hire and fire employees, can assign tasks to employees and supervise their performance, and can decide how the profits and losses of the business are to be distributed. The mere fact that a person has a particular title-such as partner, director or vice president - should not necessarily be used to determine whether he or she is an employee or a proprietor. Nor should the mere existence of a document styled "employment agreement" lead inexorably to the conclusion that either party is an employee . . . the answer to whether a shareholder-director is an employee depends on all of the incidents of the relationship . . . with no one factor being decisive.

Id. at 1680-81 (internal citations and quotations omitted).

From its incorporation in 1972 until 2009, Canal Energy was owned by Steve Fetter (51%) and Elizabeth Fetter (49%). In 2009, Steve Fetter and Elizabeth Fetter divorced, and the ownership of Canal Energy changed with Steve Fetter owning 85% and Justin Fetter owning 15%. Also, Elizabeth Fetter's employment with Canal Energy was terminated.

In his affidavit, Steve Fetter declared that Canal Energy's owners are included on the company's payroll, but also share in the profits according to their percentage ownership interest. He also declared that as the majority owner, he can terminate an owner's day-to-day employment, but cannot unilaterally affect that person's ownership interest in Canal Energy. Further, Steve Fetter declared that he is the president of Canal Energy and nobody has the authority to fire him.

It is clear that Steve Fetter has control of Canal Energy. As the president and majority shareholder he can hire and fire individuals from their employment, including other co-owners. He does not report to anyone higher in the organization. He has great influence over the organization, and shares in Canal Energy's profits. Therefore, Steve Fetter cannot be considered an employee for Title VII purposes.

On the other hand, Elizabeth Fetter and Justin Fetter, were subject to firing from their day-to-day employment with Canal Energy although they shared in the company's profits. There is no evidence regarding whether, and if so, to what extent Elizabeth Fetter and Justin Fetter were able to influence the organization, whether an intent that they be individual employees was expressed in a written contract, whether they reported to Steve Fetter, or whether Steve Fetter supervised their work. However, Elizabeth Fetter, a 49% owner, was fired after her divorce from Steve Fetter. Further, Steve Fetter has the authority to fire Justin Fetter. As a 15% minority owner, Justin Fetter likely has little influence over the organization. Thus, considering the Clackamas factors, Elizabeth Fetter and Justin Fetter can be considered employees for Title VII purposes for the weeks that there were employed during the relevant period, i.e. Elizabeth Fetter, 2008 through 2009, and Justin Fetter, 2010.

### 2. Independent Contractors

In distinguishing employees from independent contractors, the United States Court of Appeals for the Fifth Circuit applies a hybrid economic realities/common law control test to determine whether a person is an "employee" for Title VII purposes. Arbaugh v. Y&H Corp., 380 F.3d 219, 226 (5 th Cir. 2004), *rev'd on other grounds*, 126 S.C. 1235 (2006) (citing Spiridex v.

Reinhardt, 613 F.2d 826, 831 (D.C. Cir. 1979); Mares v. Marsh, 777 F.2d 1066, 1067-68 (5th Cir. 1985); Broussard v. L.H. Bossier, Inc., 789 F.2d 1158, 1160 (5th Cir. 1986)).  The most important consideration in this test is "'the extent of the employer's right to control the 'means and manner' of the worker's performance.'" Id. (quoting Bloom v. Bexar Cnty, Tex., 130 F.3d 722, 726 (5th Cir. 1997); citing Broussard, 789 F.2d at 1160).  The other relevant factors are:

    (1)    ownership of the equipment necessary to perform the job;

    (2)    responsibility for costs associated with operating that equipment and for license fees and taxes;

    (3)    responsibility for obtaining insurance;

    (4)    responsibility for maintenance and operating supplies;

    (5)    ability to influence profits;

    (6)    length of the job commitment;

    (7)    form of payment; and

    (8)    directions on schedules and on performing work.

Id. (citing Broussard, 789 F.2d at 1160).

      Terry Rutherford, Canal Energy's operations manager, testified as the corporate representative that at various times during the relevant period, Canal Energy contracted with Eddie Rayborn of Eddie Rayborn Enterprises, Leonard Black of Leonard Black's Consulting, LLC, and Elton Duplantis of Elton's Contract Service, LLC to perform offshore steam boiler services for Canal Energy's clients.  Also, Canal Energy contracted with Ralph Hicks of PetroDesigns, Inc. to perform engineering consulting during the relevant period.  Plaintiffs argue that Rayborn, Black,

Duplantis, and Hicks should be counted as Canal Energy's employees for Title VII purposes because some of them, Rayborn, Black, and Duplantis, performed their jobs with Canal Energy's payroll employees and were required to submit time sheets. Plaintiffs also argue that all of these individuals performed services that were integral to Canal Energy's business.

In his affidavit, Steve Fetters declared that Rayborn, Black, Duplantis, and Hicks were contacted on an as needed basis after Canal Energy obtained a job. Then, if they were available, a fee was negotiated for the job and they were paid by the day. When a job was complete, there were no reciprocal obligations between the company and these individuals. Sometimes they used their own tools, and other times Canal Energy furnished the tools, depending on the type of job. Canal Energy did not have control over their day-to-day operations, they set their work schedules while on the job, and they were free to work with any other company. Further, they were subject to Canal Energy's independent contractor handbook which specified that they were not covered by workers' compensation laws or unemployment laws, and that they were responsible for paying their own taxes and insurance plans.

This evidence demonstrates that Canal Energy did not have the control over Rayborn, Black, Duplantis, or Hicks required for them to be considered employees for Title VII purposes.

### 3. Delivery Drivers

Plaintiffs contend that Reggie Castleberry, George Seal, and Stephan Jones made routine delivers for Canal Energy and should be counted as its employees. In his affidavit, Steve Fetters declared that these individuals were employed by other companies, and made deliveries to Canal

Energy, not for it. They were not employed or compensated by Canal Energy. Therefore, they cannot be counted as employees for Title VII purposes.

### 4. Individuals Who Were Paid Cash for Services

Plaintiff contends that Chris Darden, Chuck Jenkins, Kenny Magee, and Linda Walker, should be counted as Canal Energy's employees. Canal Energy paid cash to these individuals for services performed on the following dates:

| Chris Darden | 6/18/10 - 7/1/10 |
| Chuck Jenkins | 6/25/10 - 7/2/10 |
| Kenny Magee | 7/1/10 - 10/6/10 |
| Linda Walker | 11/23/09 -12/8/09 |

In his affidavit, Steve Fetter declared that each of these individuals performed maintenance work on Canal Energy's office building as needed. Darden and Walker performed janitorial services once per week, Jenkins painted for a few days, and Magee did lawn maintenance once per week. None of these individuals were on Canal Energy's payroll and were not employed by Canal Energy each working day of the weeks in which they performed services for Canal Energy. See Walters, 117 S.C. at 665-66. Therefore, they are not counted as employees for Title VII purposes.

### 5. The Bogalusa Police Officer

Plaintiffs argue that Darrell Darden, a Bogalusa Police Officer, should be counted as Canal Energy's employee because he performed services for the company. Plaintiffs contend that Darden worked at Canal Energy two or three days a week doing security detail, screening applications, and

cutting the grass.  Plaintiffs allege that Darden reviewed employment applications and marked them with a "B" for black if the applicant was African American.

In his affidavit, Steve Fetter declared that Darden was not on Canal Energy's payroll, and that he would stop by Canal Energy's office in his role as a police officer as an ambassador for the city.  Steve Fetter also declared that Darden would comment on his knowledge of an applicant's police record if he happened to see an application on Steve Fetter's desk, but did not participate in personnel decisions.

There is no evidence that Darden was employed by Canal Energy any working day of the weeks in which he was present on Canal Energy's premises.  See Walters, 117 S.C. at 665-66.  Therefore, he is not counted as an employee for Title VII purposes.

### 6. The Costa Rican Attorney

Plaintiffs argue that Yamilett Rodriguez, an attorney in Costa Rica, should be counted as Canal Energy's employee because he did work for, and is on the board of, Global Energy Consultants, Ltd. ("Global Energy"), which plaintiffs contend is related to Canal Energy.

Two separate business entities can be treated as a single employer for Title VII purposes where there are "'(1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control.'" Guillory v. Rainbow Chrysler Dodge Jeep, LLC 158 Fed. Appx. 536, 537 (quoting Trevino v. Celanese Corp., 701 F.2d 397, 404 (5th Cir. 1983)).

Steve Fetter testified that Rodriguez serves as a director of Global Energy, but he is not an employee of Global Energy and is not paid for serving as a director. Instead, Rodriguez is paid by Global Energy only for legal services for which he sends bills from his law office.

Rodriguez was not compensated for his legal services as an employee of Global Energy. There is no evidence that Global Energy maintained an employment relationship with Rodriguez. See Walters, 117 S.C. at 665-66. Plaintiffs have not established that Canal Energy's related entity, Global Energy, employed Rodriguez. Therefore, Canal Energy does not have the requisite fifteen employees to subject it to the provisions of Title VII, and plaintiff's Title VII claims against Canal Energy are DISMISSED WITH PREJUDICE.

**C.     La. Rev. Stat. § 23:302, et seq.**

Pursuant to La. Rev. Stat. § 23:332, it is unlawful for an employer to intentionally fail or refuse to hire any individual because of the individual's race. La. Rev. Stat. § 23:302 provides that Louisiana's employment discrimination laws "apply only to an employer who employs twenty or more employees within [Louisiana] for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." Because Louisiana employment discrimination laws are substantively similar to Title VII, jurisprudence interpreting Title VII can be considered in interpreting La. Rev. Stat. § 23:302, et seq.. Brittain v. Family Care Servs., Inc., 801 So.2d 457, 461 (La. Ct. App. 2001).

As explained above, Canal Energy had fewer than fifteen employees during the relevant time. Therefore, Canal Energy did not have the requisite twenty or more employees to subject it to the provisions of La. Rev. Stat. § 23:332, and those claims are DISMISSED WITH PREJUDICE.

12

## CONCLUSION

**IT IS HEREBY ORDERED** that Canal Energy & Servicing, Inc.'s Motion for Summary Judgment Pursuant to Rule 56(b) of the Federal Rules of Civil Procedure (Doc. #11) is **GRANTED**, and plaintiffs' complaint is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this __19th__ day of July, 2011.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**